UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JONATHAN A. PASTORE, individually
and on behalf of all others similarly situated,

    *Plaintiff*,

vs.                                      Case No.: 6:21-cv-1483-PGB-DCI

GT MARKETING GROUP USA INC.,
a Florida Corporation, d/b/a
ECCENTRY HOLIDAYS,

    *Defendant*.

_____

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant, GT Marketing Group USA, Inc. ("Defendant" or "GTMG"), pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P., moves to dismiss the First Amended Complaint [D.E. 25] ("FAC") of Plaintiff ("Plaintiff" or "Pastore"), for lack of standing and for failure to state a claim. In support, GTMG states:

**I.    INTRODUCTION AND PROCEDURAL HISTORY**

Pastore attempts to allege that GTMG, or agents on acting on its behalf, contacted Pastore's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"). On July 20, 2021, Plaintiff originally filed his Complaint in the Southern District of Florida. [D.E. 1]. Counsel

for the parties agreed that venue is proper in this district, and the parties agreed to transfer venue and that Plaintiff would amend the Complaint to correct deficiencies related to the allegations in the original Complaint. *See* Defendant's Unopposed Motion to Transfer Venue and Incorporated Memorandum of Law in Support [D.E. 9], at n. 1. On October 19, 2021, Plaintiff filed the instant FAC. In the FAC, Pastore alleges insufficient facts to support his conclusory allegations, fails to state a claim upon which relief may be granted, and impermissibly reincorporates all of the 86 separate paragraphs of FAC into each of the two (2) separate counts he attempts to assert. The FAC therefore must be dismissed.

## II.     LEGAL STANDARDS

A complaint must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P.  Plaintiff has an "obligation to provide the grounds of [his] entitlement to relief," which "requires more than labels and conclusions" and a mere "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The facts alleged must "state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a probability requirement, but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). Allegations that are equally consistent with liability and non-liability "stop[] short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 557.

The "tenet that a court must accept a complaint's allegations as true is inapplicable" to legal conclusions. *Iqbal*, 556 U.S. at 663-64 (2009) (citing *Twombly*, 550 U.S. at 555); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Furthermore, allegations made "upon information and belief" do not have to be assumed as true when considering a motion to dismiss under Rule 12(b)(6). *See Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) (citing *Twombly*, 550 U.S. at 557).

### III. ARGUMENT

#### a. Plaintiff Lacks Standing Because He Fails to Adequately Allege an Injury Fairly Traceable to Defendant.

A facial attack to subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P., is analyzed under the same pleading standards of a Rule 12(b)(6) motion to

dismiss for failure to state a claim. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (*abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012)). Plaintiff bears the burden to establish standing. To do so, a plaintiff must allege:

> (1) It has suffered an "injury-in-fact" that is both (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl Servs., Inc.*, 528 U.S. 167, 180-81 (2000) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Here, Plaintiff fails to establish the second prong – that the alleged injury is fairly traceable to the challenged action of the Defendant – because, as more fully argued below, he fails to plausibly connect the calls at issue to the Defendant.

**b. The FAC Fails to State a Cause of Action Under the TCPA Because Plaintiff Fails to Adequately Allege Who Called Him.**

To state a claim for violating the TCPA, a plaintiff must sufficiently allege Defendant: (1) called a cellular or wireless telephone, (2) using "an automatic dialing system or an artificial or prerecorded voice", (3) "without prior express consent of the called party." *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012) (citing 47 U.S.C. § 227(a)(1)).

Reading Plaintiff's FAC, it is clear he does not know who called him. He is using this litigation as a means to attempt to discover facts that should be known before filing a lawsuit. Plaintiff isn't even clear about how he knows the allegations he makes. Oddly, in the FAC Plaintiff states, "Plaintiff alleges as follows upon personal knowledge as to Plaintiff's and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys." FAC, at ¶ 1.

Plaintiff's FAC is replete with random quotations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA") apparently in an attempt to distract from his dearth of factual allegations that could give rise to any reasonable inference that GTMG is liable to him under the TCPA.

Regarding the identity of the caller, at times Plaintiff alleges "Defendant" called him. *See* FAC, at ¶¶ 1, 13, 18, 26, 32, 33, 71, 72-77, 85, and 86. At other times, Plaintiff, unsure whether Defendant made the alleged calls, hedges by vaguely alleging an agency relationship of some undefined type. For example, Plaintiff alleges, "Defendant, directly or through other persons, entities, or agents acting on its behalf, . . . caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint." FAC, at ¶ 14. Elsewhere, he alleges calls were made "by Defendant or on behalf of Defendant", FAC, at ¶ 21, by "Defendant or its agents", FAC, at ¶¶

30, 31, by "Defendant – or third parties directed by Defendant", FAC, at ¶ 69, by Defendant's unnamed "marketers", FAC, at ¶ 48, and Defendant's unnamed "telemarketers", FAC, at ¶ 49.

Apparently recognizing these fatal inconsistencies, Plaintiff added an entire section to the FAC titled "Liability for Calls Placed by Third Parties." *See* FAC, ¶¶ 34-53. None of these paragraphs, however, "contain sufficient factual matter, [that if] accepted as true, . . . state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Rather, this entire section of Plaintiff's FAC contains nothing more than recitation or discussion of the May 2013 FCC Declaratory Ruling, *see* FAC, at ¶¶ 35-37, 40-42, and 47, and bare, naked, conclusory statements that Defendant "did" something, *see* FAC, at ¶¶ 34, 39, 43-46, and 48-53. Finally, in this section of the FAC Plaintiff shows yet again that he is merely guessing that GTMG is responsible for the calls alleged. *See* FAC, ¶ 38 ("*Even if* Defendant did not personally place the TCPA-violating calls, Defendant is still liable for the telemarketers' actions *if* they took steps . . . or *if* the calls were made . . ..") (emphasis added).

The FAC's conclusory allegations that "Defendant called Plaintiff" must fail. In fact, Plaintiff concedes that the callers provided no information linking GTMG to the calls when the only specific detail he provides about the substance of the calls is that the callers thanked him "for choosing 'Marriot Hotels'." FAC, at ¶ 20.

Plaintiff may argue that such details will be fleshed out in discovery. However, a "'complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Twombly*, 550 U.S. at 562 (2007) (citation omitted). In other words, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Conclusory allegations that "defendant" made the call are insufficient to state a claim without factual allegations to support that conclusion. *See Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1254 (M.D. Fla. 2012) (dismissing complaint that alleged "Defendant . . . call[ed] Plaintiff" because it lacked supporting factual allegations, including, for example, the number from which the call was received); *see also Vigus v. Southern Illinois Riverboat/Casino Cruises, Inc.*, 274 F.R.D. 229, 233 (S.D.Ill.2011) (dismissing complaint because the proposed amendment contained "no factual allegations that the Defendant made any call to Plaintiff's cell phone number"); *see also Abbas v. Selling Source, LLC,* 2009 WL 4884471 at *2 (N.D.Ill.2009) (dismissing complaint due to the plaintiff's broad, conclusory allegations regarding "numerous" additional text messages that he allegedly received without describing, for example, from what number he received them).

Admittedly, vicarious liability can form the basis for liability under the TCPA. *See In re DISH Network, LLC*, 28 F.C.C. Rcd. 6574, 6584 (2013). To state such a cause of action, however, a plaintiff must sufficiently allege facts supporting each element of the agency theory relied upon for such vicarious liability. *See Jackson v. Caribbean Cruise Lines, Inc.*, 88 F. Supp. 3d 129, 138-39 (E.D.N.Y. 2015). Plaintiff has made no attempt to do so here.

Adding to the confusion, in the single paragraph where Plaintiff provides any detail of the contents of the alleged calls, Plaintiff states, "Plaintiff answered to a voice recording thanking him for choosing 'Marriot Hotels' followed by telling him that he won a complimentary stay." FAC, at ¶ 20. Plaintiff makes no attempt to allege any connection between GTMG and Marriot Hotels. Plaintiff makes no attempt to allege why GTMG would call to thank Plaintiff for staying at Marriot Hotels or why he believes a call regarding Marriot Hotels would have anything to do with Defendant or be made by or on behalf of Defendant. Plaintiff makes no allegation that the complimentary stay that he apparently won had anything to do with GTMG.

Plaintiff makes only one feeble attempt to connect these calls to Defendant: In paragraph 21, Plaintiff alleges that the calls were "made by the Defendant or on behalf of Defendant because, *upon information and belief*, following the calls Eccentry Holidays attempted a credit card charge to a credit card provided by

Plaintiff." FAC, at ¶ 21. That is the sole attempted nexus of the calls: Plaintiff's amorphous "*information and belief*" that "following the calls Eccentry Holidays *attempted* a credit card charge to a credit card number provided by Plaintiff." FAC, at ¶ 21 (emphasis added). Glaringly, Plaintiff does not directly allege that Eccentry Holidays attempted to charge "a credit card provided by Plaintiff." He does so only "upon information and belief." He does not allege the amount of these "attempted" charges or that the amount(s) of any "attempted charges" match any amount that was discussed during any of the calls. He does not allege that an attempted charge occurred after each call or only some of the calls. He does not allege how he knows such a charge or charges was or were attempted. Allegations based upon "information and belief" are not entitled to be assumed as true. *See Mann*, 713 at 1315.

Plaintiff does claim that "Defendant" called him on three (3) specific dates, *see* FAC, at ¶¶ 20, 21, but then he also alleges he received "more than ten calls", *see* FAC, at ¶ 18, leaving Defendant to guess whether all those "more than ten calls" occurred on the only three (3) specific dates mentioned in the FAC or whether there are additional dates "Defendant" or its "agents" or its "marketers" or its "telemarketers" placed these other calls. Plaintiff never alleges what number or numbers placed the calls to his cell phone.

Clearly, the FAC fails to adequately plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. It must be dismissed.

### c. The FAC is an Impermissible "Shotgun" Pleading.

The FAC is a typical "shotgun" pleading that reincorporates all 86 paragraphs into each of the two counts Plaintiff attempts to allege. Count I, which begins with paragraph 67, incorporates all of "paragraphs *1 through 68*". FAC, at ¶ 67 (emphasis added). That reincorporation includes the first two (2) paragraphs of Count I (paragraphs 67 and 68). Then, in Count II, Plaintiff incorporates "paragraphs 1 through 68 of" the FAC. FAC, at ¶ 79. By including paragraph 67 (which incorporates paragraphs 1 through 66) in both Counts I and II, Plaintiff has a reincorporated all paragraphs into both Counts I and II. This type of shotgun pleading is not allowed and requires dismissal of the Plaintiff's FAC. *See Strategic Income Fund, L.L.C. v. Spear, Leads & Kellogg Corp.*, 305 F.3d 1293, 1297 (11th Cir. 2002) (affirming dismissal of shotgun pleading); *Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. College*, 77 F.3d 364, 366 (11th Cir. 1996) ("[I]t is virtually impossible to know which of the allegations of fact are intended to support which claims for relief.").

### d. Pastore's Class Action Claims Clearly Lack Any Allegations of Fact.

The class allegations contained within the FAC are nothing more than a formulaic recitation of the elements of a class action. To satisfy Rule 23(a), Pastore must ordinarily demonstrate some evidence of the number of purported class members; **"mere speculation" and "general allegations" of numerosity will not suffice**. *See Walco Investments, Inc. v. Thenen*, 168 F.R.D. 315, 324 (S.D.Fla.1996) (emphasis added); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009) ("[A] plaintiff still bears the burden of making some showing, affording the district court the means to make a supported factual finding.").

In *Daisy, Inc. v. Pollo Operations, Inc.*, 2:14-CV-564-FTM-38CM, 2015 WL 1418607 at *6 (M.D. Fla. Mar. 27, 2015), the Court dismissed the plaintiff's class action claim because the plaintiff did not plead a "sufficient factual basis to support a plausible Rule 23 class action claim." The plaintiff pled that "the class size was about forty (40) in number" and argued that "the number of facsimiles, the time and date they were sent, and the names of the recipients are peculiarly held within" the defendant's possession and "can be ascertained via discovery." *Id.* However, the plaintiff provided "no factual basis other than reciting the elements of a class action." *Id.* Further, while the plaintiff argued that the details would be fleshed out in discovery, the Court reminded the plaintiff that they are "limited to the information provided in the four corners of the Complaint." *Id.*

Similarly, Pastore alleges no factual basis to support his class claims. Pastore pled that he "does not know the exact number of Class Members" but "believes, at a minimum, there are greater than forty (40) Class Members." FAC, at ¶ 57. Pastore then continues to parrot the language of Rule 23 without alleging any additional *facts* to support his speculation. Like the plaintiff in *Daisy, Inc.*, Pastore's lack of facts will not be saved by alleging "a more precise Class size" is "ascertainable through Defendant's records" via discovery. FAC, at ¶ 58.

Being limited by the four corners of the FAC, this Court must dismiss Pastore's FAC, because "unwarranted deductions of fact" are not admitted as true in a motion to dismiss. *Sinaltrainal*, 578 F.3d at 1268 (*citing Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)).

## CONCLUSION

Based on the foregoing, GTMG respectfully requests that this Court grant its Motion to Dismiss and enter an Order dismissing the FAC.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) undersigned counsel conferred by telephone with Seth M. Lehrman, Esq., counsel for Plaintiff, in a good faith effort to resolve the issues raised herein but Plaintiff opposes the relief sought by Defendant.

DATED: November 12, 2021                    Respectfully submitted,

**LAW OFFICE OF M.A. STONE, LLC**

/s/ Marty A. Stone, Esq.
Marty A. Stone, Esq.
Florida Bar No. 0354170
14142 Amelia Island Way
Orlando, FL 32256
P: 321-443-4643
F: 888-506-6155
E: mstone@maslaw.net

*Attorney for Defendant GT Marketing Group USA, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was filed on this 12th day of November, 2021 with the Clerk of Court via the Court's CM/ECF system for electronic service on all counsel of record.

/s/ Marty A. Stone, Esq.
Marty A. Stone, Esq.