# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JONATHAN A. PASTORE,**

      **Plaintiff,**

v.                                         **Case No: 6:21-cv-1483-PGB-DCI**

**GT MARKETING GROUP USA, INC.,**

      **Defendant.**

_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 29 (the "**Motion**")) and Plaintiff's Response thereto (Doc. 33). Upon consideration, the Motion is due to be denied.

**I.  BACKGROUND**[1]

This dispute flows from unwanted, prerecorded telephone calls that marketed vacations. (Doc. 25). Plaintiff Jonathan Pastore is on the national Do-Not-Call List. (*Id.* ¶ 27). He alleges that Defendant, or its agents, called him without his consent on at least three occasions in early 2021. (*Id.* ¶¶ 19–26). Upon picking up the phone each time, a prerecorded voice message informed him he had won a

---

[1]  This account of the facts comes from Plaintiff's First Amended Complaint (Doc. 25), which the Court accepts as true for the purposes of this Motion. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

complementary stay with a hotel,[2] prompting him to press one to speak with an agent. (*Id.* ¶¶ 19–22). After doing so, Plaintiff provided a credit card number to the representative with whom he spoke, and then Defendant or its agents attempted to charge this credit card number on the specific dates when he provided the information. (*Id.* ¶ 21). He alleges those attempted credit card charges are attributable to Eccentry Holidays, a tradename under which Defendant does business. (*Id.*).

Plaintiff then brought claims against Defendant, directly or through its agents, alleging two violations of the Telephone Consumer Protection Act (the "**TCPA**"): 1) a violation of 47 U.S.C. § 227(b)(1)(B), which relevantly prohibits prerecorded, non-emergency telephone calls made without the callee's consent; and 2) a violation of TCPA-implementing regulation 47 C.F.R. § 64.1200(c), which prohibits initiating solicitation calls to telephone numbers that have been placed on the national Do-Not-Call registry by their owners. (*Id.*). Moreover, Plaintiff seeks to represent two classes of similarly situated parties for each claim: an injunction class and a damages class. (*Id.* ¶¶ 54–66). Defendant now moves to dismiss Plaintiff's First Amended Complaint for failure to state a claim. (Doc. 29).

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a Rule

---

[2]  The hotel in question, Marriott Hotels and its related entities, however, are not party to this case. Plaintiff explains this by arguing that "telemarketers often hide their true identity and use fake or familiar names to create interest." (Doc. 33, p. 6).

12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Legal conclusions and recitation of a claim's elements are properly disregarded, and courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

In sum, courts must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

### III. DISCUSSION

Defendant puts forward five related arguments in favor of dismissal: 1) Plaintiff does not plead sufficient facts for a plausible claim against Defendant; 2) Plaintiff does not adequately allege facts that would give him standing to sue Defendant; 3) Plaintiff's allegations of potential vicarious liability are conclusory;

4) Plaintiff's class action allegations are insufficiently supported by facts in the First Amended Complaint; and 5) the First Amended Complaint is an impermissible shotgun pleading. (Doc. 29). The Court addresses each in turn.

### A. Sufficiency of Facts Pled

First, the Court finds that Plaintiff put forward sufficient facts to allege a plausible claim for relief against Defendant. To state a claim for relief under the TCPA for Count I, Plaintiff must demonstrate the Defendant initiated a non-emergency telephone call to any residential telephone line, including cell phone numbers, using a prerecorded voice, without the prior consent of the called party. 47 U.S.C. § 227(b)(1); *Augustin v. Santander Consumer USA, Inc.*, 43 F. Supp. 3d 1251, 1253 (M.D. Fla. 2012). Similarly for Count II, Plaintiff must demonstrate that he has placed his residential telephone number—in particular, his residential cellphone number—on the federal government's national Do-Not-Call registry yet received a solicitation call to that number anyway. 47 C.F.R. § 64.1200(c)(2). Plaintiff alleges: he is the sole subscriber and user of a cell phone number ending in "6666"; he placed this residential cell phone number on the national Do-Not-Call registry on March 17, 2020; he did not provide this cell phone number to Defendants, sign up for their services, or consent to their calls; he received a call at least three times on the dates of February 11, 2021, February 16, 2021,[3] and March 2, 2021, in which an identical prerecorded voice message thanked him for choosing

---

[3] The Court accepts Plaintiff's explanation that the pleading of February 26, 2021, rather than February 16, 2021, is the result of a scrivener error because of the charge log included as an exhibit in Plaintiff's response to the Motion. (Doc. 33, p. 2 n.1; Doc. 33-1).

4

"Marriot Hotels," informed him he had won a complementary stay, and prompted him to press "one" for further information; a live agent proceeded to offer Plaintiff different vacation packages; and Plaintiff provided a credit card number and attempted charges were made to that credit card number by Eccentry Holidays, a tradename under which Defendant does business. (Doc. 25, ¶¶ 19–27). Accepting these allegations as true, Plaintiff has pled enough for the TCPA claims to survive Defendant's Motion.

Undeterred, Defendant argues that Plaintiff's only alleged connection between Defendant and the calls in the First Amended Complaint—the credit card charges attributable to Eccentry Holidays—is conclusory and need not be accepted as true by the Court because Plaintiff pleads it "upon information and belief." (Doc. 29, pp. 8–9 (quoting Doc. 25, ¶ 21)). Defendant cites the Eleventh Circuit in *Mann v. Palmer*, 713 F.3d 1306, 1315 (11th Cir. 2013) for support.

While the *Mann* Court stated, "we do not have to take as true [plaintiff's] allegations 'upon information and belief,'" it went on to explain that this was so because the plaintiff there "ha[d] not alleged enough facts to nudge his claim . . . across the line from conceivable to plausible." *Id.* In other words, pleading "upon information and belief" does not give a court automatic permission to disregard the subsequent allegations; the inquiry remains the same—whether the allegations contain sufficient factual content, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 679. Here, the First Amended Complaint alleges three attempted charges to Plaintiff's provided credit card number by a

5

party which uses Defendant's trade name after identical prerecorded voice calls to Plaintiff's specified cell phone number on three specific dates; these allegations push Plaintiff's claims over the line from merely conceivable to plausible on their face.

Defendant also points out there is no connection between itself and Marriott, another party mentioned on the calls which Plaintiff received, to bolster its argument that Plaintiff is going too far out on a limb by naming it as the Defendant here. (Doc. 29, p. 8). In response, Plaintiff speculates that name-dropping "Marriott" on the prerecorded call was an attempt to garner interest and to obscure the true party at interest responsible for the calls, namely Defendant. (Doc. 33, p. 6). Regardless, the Court need not divine the precise reason "Marriott" was mentioned on the calls because Defendant is sufficiently caught up in the suit through the alleged credit card charges to survive the Motion to Dismiss.

### B. Standing

Second, Defendant's argument that Plaintiff does not have standing fails for similar reasons. Specifically, Defendant argues that Plaintiff's claim is not fairly traceable to Defendant due to insufficient connections between Defendant and the calls in question. (Doc. 29, pp. 3–4). However, once the Court accepts as true that Defendant or its representatives attempted to charge the credit card provided by Plaintiff under an account listing of Eccentry Holidays after the calls in question, Plaintiff has alleged enough to give him standing to sue. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) ("Even a showing that a plaintiff's injury is

6

indirectly caused by a defendant's actions satisfies the fairly traceable requirement.")

### C. Vicarious Liability

Third, Defendant argues that Plaintiff's lack of clarity around *who exactly* called him demonstrates that Plaintiff has not pled sufficient facts to make out a claim under a theory of vicarious liability. (Doc. 29, pp. 6–8). Defendant notes that Plaintiff alleges, at various times, that only Defendant called him and, at other times, Defendant or its agents called him. (*Id.* at p. 7). Defendant seizes upon this variance in the pleadings as supposedly demonstrating Plaintiff's allegations are too speculative to proceed. (*See id.* at pp. 6–8). Defendant points to *Jackson v. Caribbean Cruise Lines, Inc.*, 88 F. Supp. 3d 129, 138–39 (E.D.N.Y. 2015) for the requirement that Plaintiff must plead sufficient facts for "each element of the agency theory relied upon for [] vicarious liability." (Doc. 29, p. 7). There, the plaintiff sued a cruise line that allegedly entered into a principal-agent relationship with a telemarketing firm, the other defendant, to market cruise vacations on its behalf. *Jackson*, 88 F. Supp. 3d at 138–39. The *Jackson* court, however, found that the cruise line (the alleged principal) was connected to the telemarketing firm (the alleged agent) in only a conclusory way whereas the pleadings contained a non-conclusory, direct connection to the telemarketing firm—it transmitted the TCPA-violative communications. *Id.* In other words, the vicarious liability theory there was the only factual hook that tied the alleged principal to the case; without it, the case could not otherwise proceed against the cruise line. *Id.*

7

In contrast, Plaintiff has alleged a non-conclusory, direct connection to Defendant through the attempted credit card charges. This well-pled allegation implicates Defendant regardless of whether a principal-agent relationship is present: Plaintiff is simply unsure if the calls in question were made by Defendant itself or some other party on Defendant's behalf. (*See* Doc. 25, ¶ 21). Therefore, Plaintiff's lack of clarity around who exactly called him is not a problem at this procedural posture. *See Ford v. USHealth Grp., Inc.*, No. 3:19-cv-1091, 2020 U.S. Dist. LEXIS 63040, at *17 (M.D. Pa. Apr. 10, 2020) ("Given that [plaintiff] has pled direct liability under the TCPA, this Court does not need to address whether [plaintiff] has sufficiently alleged [defendant's] vicarious liability for the unsolicited communications at issue."); *see also* FED. R. CIV. P. 8(d) (when a party makes alternative statements of a claim, "the pleading is sufficient if any one of them is sufficient"). Plaintiff has pled his claim in the alternative: either Defendant is directly liable or vicariously liable due to the actions of some intermediary. By identifying Eccentry Holidays as the party that will benefit from an attempted charge to his proffered credit card number, Plaintiff has pled enough for a claim of direct liability against Defendants. The alternative possibility—that Defendant is vicariously liable through some intermediary agent who called Plaintiff and charged his provided credit card number on behalf of Defendant—will be fleshed out in discovery.

### D. Sufficiency of Class Claims

Fourth, Defendant argues that Plaintiff's class complaint allegations are mostly a formulaic recitation of the Rule 23 requirements to certify a class and thus cannot survive the Motion to Dismiss. (Doc. 29, pp. 10–12). The Eleventh Circuit, however, has warned against too hastily dismissing class allegations based on the pleadings alone:

> Rule 23(c) directs a district court, "[a]t an early practicable time after a person sues or is sued as a class representative, ... [to] determine by order whether to certify the action as a class action." FED. R. CIV. P. 23(c)(1)(A). While it is sometimes possible to decide the propriety of class certification from the face of the complaint, *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008), the Supreme Court has emphasized that class certification is an evidentiary issue, and "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432, (2013) (internal quotation marks omitted). In fact, "the determination usually should be predicated on more information than the complaint itself affords. The court may, and often does, permit discovery relating to the issues involved in maintainability, and a preliminary evidentiary hearing may be appropriate or essential...." *Huff v. N.D. Cass Co. of Ala.*, 485 F.2d 710, 713 (5th Cir. 1973) (en banc) (internal citation and footnote omitted).[4] After all, "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal–Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552, (2011) (internal quotation marks omitted).

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

9

*Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 F. App'x 930, 934 (11th Cir. 2016) (reversing the dismissal of class claims based on the pleadings).[5]

In contrast, Defendant cites to only one nonbinding district court case where a district court dismissed the class claims through a Rule 12(b)(6) motion. *Daisy, Inc. v. Pollo Operations, Inc.*, No. 2:14-CV-564, 2015 WL 1418607, at *6 (M.D. Fla. Mar. 27, 2015) (finding the class claims were too speculative and conclusory in a TCPA case to survive a motion to dismiss). The other cases which Defendant cites are procedurally inapposite as they are rulings on motions for class certification. *Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 324 (S.D. Fla. 1996) (ruling on a Rule 23 class certification motion); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009) (reversing a district court's grant of a class certification motion). Here, the Court draws the reasonable inference in Plaintiff's favor that he was one of many similarly situated recipients of identical prerecorded telemarketing calls. Consequently, while Plaintiff's class pleadings might benefit from further factual elaboration, the Court will follow the weight of the authority and find it would be premature to knock them out at this stage in the proceedings.

E. **Shotgun Pleading**

Finally, Defendant argues that the First Amended Complaint is an impermissible shotgun pleading. There are four categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the

---

[5] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

10

allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint "that commits the sin of not separating into a different count each cause of action or claim for relief"; and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Defendant asserts that the First Amended Complaint falls in the first category of shotgun pleadings because both Count I and Count II incorporate by reference paragraphs 1 through 68.[6] (Doc. 29, p. 10).

Incorporation by reference by itself, however, does not run afoul of the rule against shotgun pleadings; instead, the allegations of each count must be "rolled into every successive count on down the line." *Id.* at 1324. To illustrate, Count II (the successive count here) would need to incorporate by reference all the

---

[6] The Court accepts Plaintiff's explanation that a scrivener's error is the culprit for incorporating by reference paragraphs 1 through 68 in paragraph 67 for Count I and in paragraph 79 for Count II. Indeed, this is the only reasonable assumption for what would otherwise be a strange, self-referential reincorporation in paragraph 67. To grant dismissal over such a trivial oversight would put form over substance; undoubtedly, Defendant still has adequate notice of the claims against it despite Plaintiff's minor typographical error.

paragraphs alleged in Count I—that is, all of paragraphs 67 through 78, on top of paragraphs 1 through 66. Instead, Count II permissibly incorporates by reference the allegations in paragraphs 1 through 68. As such, the First Amended Complaint is not a shotgun pleading.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Doc. 29) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 10, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties